UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


CHARLIE LEE MITCHELL,

        Petitioner,

v.                                     CIVIL ACTION NO. 98-CV-71338-DT
                                       HONORABLE ARTHUR J. TARNOW

GERALD MASON,

        Respondent.

_____/

**ORDER GRANTING PETITIONER'S MOTION FOR WRIT TO VACATE
CONVICTION AND GRANTING AN UNCONDITIONAL WRIT OF HABEAS CORPUS
REQUIRING THAT PETITIONER'S SECOND-DEGREE MURDER CONVICTION BE
VACATED AND EXPUNGED FROM HIS CRIMINAL RECORD**

        Petitioner, through counsel, has filed a "Motion for Writ to Vacate Conviction"

requesting that the Court order that his 1989 second-degree murder conviction be vacated based

upon the Court's prior conditional grant of a writ of habeas corpus on July 19, 1999.  For the

reasons stated below, the Court grants Petitioner's motion.

        This Court initially granted a conditional writ of habeas corpus in this case based upon a

violation of Petitioner's Sixth Amendment right to the effective assistance of counsel.  Following

a lengthy appellate process, the United States Court of Appeals for the Sixth Circuit affirmed the

provisional grant of the writ of habeas corpus.  *See Mitchell v. Mason*, 325 F.3d 732 (6th Cir.

2003).  The United States Supreme Court thereafter denied a petition for writ of certiorari.  *See*

*Mason v. Mitchell*, 125 S. Ct. 861 (2005).  Petitioner filed the instant motion on October 24,

2005 requesting that the Court issue a writ vacating his now invalid second-degree murder

conviction.  Respondent has not filed a response to the motion.

1

The Michigan Department of Corrections' Offender Tracking Information System (OTIS) indicates that Petitioner was discharged from custody on the second-degree murder conviction at issue on October 5, 2001. Because Petitioner has been discharged from custody on that conviction and has fully served his sentence, the appropriate habeas relief in this case is to order that Petitioner's second-degree murder conviction be vacated and that his criminal records be expunged. *See Ward v. Wolfenbarger*, 340 F. Supp. 2d 773, 776-77 (E.D. Mich. 2004); *see also Turner v. Bagley*, 401 F.3d 718, 727 (6th Cir. 2005).

Accordingly, based upon the Court's prior opinion and the Sixth Circuit's 2003 opinion affirming the grant of habeas relief, the Court hereby **GRANTS** Petitioner's motion and **ISSUES** an unconditional writ of habeas corpus requiring the State to vacate the second-degree murder conviction which gave rise to the instant petition and to expunge that conviction from Petitioner's criminal record. A certificate of compliance shall be filed with this Court within 30 days of the date of this order.

**IT IS SO ORDERED**.

s/Arthur J. Tarnow
Arthur J. Tarnow
United States District Judge

Dated: December 2, 2005

I hereby certify that a copy of the foregoing document was served upon counsel of record on December 2, 2005, by electronic and/or ordinary mail.

s/Catherine A. Pickles
Judicial Secretary

2